UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Case No. 18-CR-169-JL |
| AIDEN DAVIDSON, ) | |
| Defendant ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
TO AMEND CONDITIONS OF RELEASE**

Defendant Aiden Davidson seeks to modify his conditions of pretrial release, specifically to remove the conditions of electronic monitoring and curfew. (ECF No. 65). Prior to the filing of his motion, Davidson requested that the government stipulate to the removal of electronic monitoring and curfew from the pretrial conditions. The government agreed to lift the curfew requirement, but the government opposes the removal of electronic monitoring. Should the Court modify the defendant's conditions as agreed by the parties, the remaining pretrial release conditions, including electronic monitoring, are the least restrictive conditions that will reasonably assure his appearance in this matter. As discussed below, Davidson presents no new evidence or change of circumstances to warrant any further modification of his bond conditions. *See* 18 U.S.C. § 3142(c)(3) and (f).

I. Introduction

On August 31, 2018, Davidson was charged by criminal complaint with conspiracy to violate the International Emergency Economic Powers Act ("IEEPA"), in violation of 50 U.S.C. § 1705(a) and (c), and an arrest warrant was issued on the same day.

On September 2, 2018, Davidson was scheduled to travel on a commercial flight from Atlanta, Georgia, to Istanbul, Turkey, with a connecting flight in Kiev, Ukraine. Before Davidson boarded his international flight, federal law enforcement arrested him.

Davidson made his initial appearance before the Honorable Janet F. King, U.S. Magistrate Judge for the Northern District of Georgia, on September 4, 2018. At his initial appearance, the government argued that Davidson was a flight risk and requested pretrial detention. Following a hearing, Judge King denied the government's motion for detention but imposed conditions on Davidson's release, including a $50,000 bond secured by a $5,000 cash deposit, electronic monitoring, imposition of a curfew, and surrender of his U.S. and Iranian passports. After Davidson made his initial appearance in the District of New Hampshire, the Honorable Andrea K. Johnstone released him on the same pretrial conditions set by Judge King.

On January 9, 2019, a federal grand jury charged Davidson in a 22-count superseding indictment with violations of 50 U.S.C. § 1705(c), IEEPA conspiracy; 18 U.S.C. § 1956(h), international money laundering conspiracy; 18 U.S.C. § 554, smuggling goods from the United States; 18 U.S.C. § 1956(a)(2)(A), international money laundering; and 18 U.S.C. § 1425(a), unlawful procurement of naturalization. Trial is scheduled to commence on February 4, 2020.

II. <u>Legal Framework</u>

Under the Bail Reform Act of 1984, the "judicial officer may at any time amend the [release] order to impose additional or different conditions of release." 18 U.S.C. § 3142(c)(3). However, the legislative history of this provision makes clear that Congress intended to require a showing of changed circumstances to justify a modification of conditions: "[t]his authorization is based on the possibility that a changed situation or new information may warrant altered release conditions." S. Rep. 98-225, available at 1983 WL 25404, at *16 (Aug. 4, 1983); *see also United*

*States v. Lafrance*, No. 16-10090, 2016 WL 3882845, at *1 (D. Mass. July 13, 2016); *United States v. Falcetti*, No. 02-CR-140, 2002 WL 31921179, at *1 (E.D.N.Y. 2002); *United States v. Ishraiteh*, 59 F. Supp. 2d 160, 161 (D. Mass. 1999).  Courts reviewing requests to amend bond conditions under Section 3142(c)(3) read the provision "in conjunction with [Section] 3142(f)." *United States v. Merola*, No. 08-327, 2008 WL 4449624, at *2 (D.N.J. Sept. 30, 2008); *see also United States v. Phua*, No. 2:14-CR-00249, 2015 WL 127715, at *1-2 (D. Nev. Jan. 8, 2015).

Under 18 U.S.C. § 3142(f), a court "may" reopen a detention hearing if it "finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on . . . whether there are conditions of release that will reasonably assure the appearance of such person as required …".  This requirement of new information is based on "the understanding that, to promote finality, preserve judicial resources, and discourage piecemeal presentations, a court should not reconsider a decision based on information that could have been presented the first time around." *United States v. Pon*, No. 3:14-CR-75-J-39PDB, 2014 WL 3340584, at *9 (M.D. Fla. May 29, 2014).  Given this desire to avoid piecemeal litigation, courts interpret this requirement "strictly, holding that reopening is unwarranted if the newly offered evidence was available at the time of the hearing." *Id*. at *3, *citing United States v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991); *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989).

III.   Discussion

Defendant fails to identify any new evidence or material change in circumstances that would warrant removing the electronic monitoring condition.  Instead, citing "his consistent compliance with pretrial conditions of release, the defendant urges the Court to lessen his restrictions." (ECF No. 65 at 2).  Although Davidson complains about wearing a GPS monitor on his ankle, he does not assert that electronic monitoring has created any undue burden.   *Id*.

3

Defendant reasons that his "consistent compliance" demonstrates that electronic monitoring is unnecessary to assure his continued appearance. *See id*. at 4.

In support of his request, Davidson relies upon *United States v. Hutchins*, 298 F. Supp. 3d 1205 (E.D. Wis. Nov. 06, 2017). However, the district court in *Hutchins* failed to analyze whether a defendant's compliance with his pretrial release constituted "information … that was not known to the movant at the time of the hearing." 18 U.S.C. § 3142(f)(2). Instead, the court discussed "the normal practice in this and other district courts around the country. When defendants establish that they will abide by their obligation to appear in court, logic dictates that the justification for imposing the existing release conditions lessens." *Hutchins*, 298 F. Supp. 3d at 1208.

Regardless of the "logic" relied upon in *Hutchins*, many district courts have found that a record of compliance with conditions of pretrial release does not constitute new information or change in circumstances warranting reconsideration under § 3142(f)(2). *See, e.g., LaFrance, supra*, at *3 ("complying with conditions of release is not a change in circumstances … it is merely doing what Defendant himself agreed to do and what the law requires he does."); *United States v. Esposito,* 354 F. Supp. 3d 354, 360-61 (S.D.N.Y. Jan. 16, 2019); *United States v. Quinones*, No. 13-cr-83S, 2016 WL 1694998, at *1 (W.D.N.Y. Apr. 28, 2016); *United States v. Jerdine*, No. 08-cr-0481, 2009 WL 4906564, at *3 (N.D. Ohio Dec. 18, 2009). "New and material information for Section 3142(f)(2)(B) purposes consists of something other than a defendant's own evaluation of his character or the strength of the case against him: truly changed circumstances, something unexpected, or a significant event." *Jerdine, supra*, at *3 (*citing United States v. Rodriguez-Adorno*, 606 F. Supp. 2d 232, 239 (D.P.R. 2009)). Accordingly, a defendant's "conclusion that his record of compliance constitutes evidence of his intent not to flee is his 'own evaluation of his character' and thus not a basis for reconsideration." *Esposito*, 354 F.Supp.3d at 361. Simply put,

4

conditions of release should not be modified just because a defendant has complied with bond conditions.

Here, the only "change in circumstances" or "new fact" is the Court's ruling denying defendant's suppression motion.  As a result, Davidson is in a significantly different legal position than he was in September 2018 because he is now more likely to be convicted, thus increasing his risk of flight.  Based on this very logic, in *United States v. Peralta*, 849 F.2d 625 (D.C. Cir. 1988) (*per curiam*), the district court, apparently *sua sponte*, reopened the detention hearing after three months of successful pretrial release after the court ruled against the defendant in his motion to suppress evidence.  *Id*. at 626.  Peralta, a citizen of the Dominican Republic, was a New York City street vendor accused of repeated cocaine possession or sale.  *Id*.  His wife and child resided in the Dominican Republic.  *Id*.  He appealed the detention order.  *Id*.  On appeal, the D.C. Circuit explained, "the court was authorized to reopen the detention hearing when previously nonexistent, material information was brought to light, namely, the court's adverse ruling at the suppression hearing, which increased the likelihood of Peralta's conviction."  *Id*. at 627.  Despite this persuasive authority, the government does not seek to revisit detention at this time.

Ultimately, removing the electronic monitoring requirement from Davidson's conditions of pretrial release would be contrary to the purpose of the Bail Reform Act.  As the Court knows, Davidson is a dual U.S. and Iranian citizen.  Although he changed his legal name when he became a naturalized U.S. citizen, according to his Iranian passport, he continues to use the name Hamed Aliabadi.  As alleged in the superseding indictment, the defendant obtained his U.S. citizenship by fraud.  Moreover, although defendant has lived in the U.S. for some time, his family still lives in Iran and Turkey, and he has extensive business contacts with nationals of those two foreign countries.  At trial, the government will introduce evidence that the defendant repeatedly lied to

U.S. customs officials about his business ties to Iran. He is self-employed, lives alone, and works from his apartment in Jackson, Tennessee. He does not own any real estate in the U.S. Over the course of the investigation, the government has identified over $1 million in wire transfers related to the defendant's alleged criminal conduct. Given the relatively small amount of money assessed as a surety, and the potential sentence that Davidson faces should he be convicted, the risk that he may flee weighs strongly against his release. Moreover, terminating electronic monitoring would adversely affect the ability of pretrial services to locate the defendant and greatly reduce the assurance of defendant's appearance in this matter. Once the curfew requirement is removed, the government submits that the remaining conditions of bond are the least restrictive conditions that will reasonably assure defendant's appearance in this matter.

IV. Conclusion

For the reasons set forth above, the United States respectfully requests that the Court modify the conditions of pretrial release to remove the curfew requirement, as agreed to by the parties, and leave in place the condition of electronic monitoring while the defendant remains released on bond pending trial.

Dated: October 8, 2019

Respectfully submitted,

SCOTT W. MURRAY
United States Attorney

By: /s/ Cam T. Le
Cam T. Le
John S. Davis
Assistant U.S. Attorneys
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301
(603) 225-1552